UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MARISOL ORDONEZ VARGAS,**

            Plaintiff,

-against-

**UNITED STATES OF AMERICA,**

            Defendant.

Case No.:

**COMPLAINT**

Plaintiff MARISOL ORDONEZ VARGAS,[1] by her attorneys, Cohen&Green PLLC, complaining of the Defendants, alleges, upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action for damages under the Federal Tort Claims Act ("FTCA") for personal injury and pain and suffering she suffered while detained by Immigration and Customs Enforcement ("ICE") and at Orange County at the Orange County Correctional Facility ("OCCF") in Orange County, New York.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1331, 28 U.S.C. § 1346(b), and 28 U.S.C. §§ 2761–80.

3. Venue is proper under 28 U.S.C. § 1402(b) in the District Court for the Southern District of New York, because the acts and omissions giving rise to Plaintiff's claims occurred within the Southern District of New York.

4. Plaintiff filed a Form 95 regarding the instant claim, which was received by ICE on September 5, 2023, as required by 28 U.S.C. §§ 2765(a).

---

[1] Ms. Ordonez Vargas is a transgender person. Her previous first name was "Oswaldo." Her correct name, used here, is Marisol Ordonez Vargas.

1

5. ICE denied Plaintiff's claims on November 13, 2024.

6. This present Complaint is being filed within the six-month statute of limitations.

7. Accordingly, Plaintiff has complied with all statutorily jurisdictional requirements and conditions precedent to commencement and prosecution of this litigation.

## PARTIES

8. Plaintiff has been at all times relevant to this action, a resident of Bronx County in the State of New York.

9. Defendant United States of America is sued for personal injuries to Plaintiff caused by the wrongful or negligent acts or omission of Defendants' agents or employees, who were acting within the scope of the office or employment under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New York. *See* 28 U.S.C. § 1346(b).

## FACTUAL ALLEGATIONS

10. Plaintiff emigrated to the United States in September of 2022 to Houston, TX. She then moved to New York. In both Houston and New York, Ms. Ordonez Vargas had been regularly checking in and attending her ICE appointments as requested.

11. On October 4, 2023, Ms. Ordonez Vargas received an email notification from ICE requesting she appear at Federal Plaza in New York.

12. On October 5, 2023, Ms. Ordonez Vargas reported to Federal Plaza.

13. On October 5, 2023, ICE detained Plaintiff and transferred her to OCCF in Goshen, New York.

14. Plaintiff was scheduled to have surgery on her fractured nose from a recent car accident on October 5, 2023, and she had documentation with her proving this when she was detained.

15. Plaintiff told the ICE employees who detained her and transferred her to OCCF that her nose was in pain and that she was scheduled to have surgery that day.

16. Lakeena T. Lloyd, RN examined Plaintiff in ICE custody on October 5, 2023 and noted that Plaintiff had a fractured nose and was scheduled for surgery that day.

17. Rather than recommend any treatment, Lloyd medically cleared Plaintiff for custody.

18. No reasonable medical professional would have taken that step.

19. Any reasonable medical professional would have ensured Plaintiff receive the surgery required for her nose.

20. Any reasonable medical professional would have anticipated serious and unnecessary medical consequences from providing no treatment at all.

21. Any reasonable medical professional would have known that preventing the surgery as scheduled would require a significantly long delay before it was viable again, requiring allowing the nose to heal before re-breaking in surgery, with daily pain in the interim.

22. Throughout Plaintiff's time at OCCF, the staff provided wholly inadequate treatment for her fractured nose, causing severe pain and mental distress including but not limited to bleeding, difficulty breathing, and anxiety. OCCF staff refused to provide Plaintiff with the medication or treatment which she needed and did not take her health concerns seriously.

23. Additionally, they placed her in solitary confinement without proper justification.

24. Plaintiff was released from custody on November 9, 2023.

25. Because Plaintiff missed her time-sensitive surgery while in custody, she has not been able to have the surgery rescheduled and suffers from daily pain.

**FIRST CLAIM FOR RELIEF:**
**NEGLIGENCE BY FEDERAL LAW ENFORCEMENT**
**UNDER THE FEDERAL TORT CLAIMS ACT**

26. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

27. The Federal Government, including ICE staff, have a duty to protect and care for an individual who has been involuntarily detained.

28. Plaintiff suffered physical and psychological injuries as a result of the failure of ICE and its staff to follow their own policies and procedures.

29. Defendant improperly made the decision to withhold medical treatment from Plaintiff.

30. Defendant transferred Plaintiff to Orange County custody knowing that Plaintiff had a serious medical issue and surgery scheduled that day, but failed to ensure that Plaintiff would receive adequate medical care in Orange County custody.

31. As a result, Plaintiff endured immense pain and suffering, and significant physical injury.

32. The United States is liable for these tortious acts under the Federal Tort Claims Act because they were committed by federal agents or employees who were acting within the scope of the office or employment, under circumstances where the United States of America, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New York.

**WHEREFORE**, Plaintiff demands the following relief against the Defendant:

    a.    Compensatory damages;

    b.    Cost of action; and

    c.    Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       May 9, 2025

**COHEN&GREEN P.L.L.C.**

By: _____
Elena L. Cohen
J. Remy Green


1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
t: (929) 888-9480
f: (929) 888-9457
e: elena@femmelaw.com
   remy@femmelaw.com

5