U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

_____

*86 Chambers Street*
*New York, New York 10007*

September 17, 2025

**Via ECF**
The Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Ordonez Vargas v. United States of America*, 25-cv-03925-PMH

Dear Judge Halpern:

This Office represents the United States (the "Government") in connection with Plaintiff Marisol Ordonez Vargas's ("Plaintiff") claims brought pursuant to the Federal Tort Claims Act ("FTCA"). I write respectfully, pursuant to the Court's Civil Practice Rule 4(C)(iii), to request a pre-motion conference at which the government will seek leave to file a motion to dismiss. Pursuant to the Court's practices, the government previously wrote to Plaintiff to explain the bases for the government's anticipated motion. Although Plaintiff responded to that letter, the government still believes that a motion to dismiss is warranted for the reasons summarized below.

I.    **Plaintiff's Allegations and Relevant Background.**

Plaintiff was detained by U.S. Immigration and Custom Services ("ICE") on October 5, 2023 after appearing for an appointment at 26 Federal Plaza. Compl. ¶ 13. Plaintiff alleges she was involved in a car accident that resulted in facial and nasal fractures prior to being detained and was scheduled to undergo nasal bone reduction surgery on the same day she was detained. *Id*. ¶ 14. Plaintiff was assessed by a nurse while in ICE custody, and transported to Orange County Correctional Facility ("OCCF") on October 5, 2023 after being medically cleared for transport. Ms. Vargas remained in custody at OCCF until she was released on November 9. *Id*.

¶ 24. Plaintiff alleges that she received inadequate care while at OCCF and contends that ICE is liable for OCCF's allegedly inadequate care because it was a federal agency or employee acting in the scope of its office/employment. *Id*. ¶¶ 30, 32.

II.    **Plaintiff's Claims Related to OCCF are Subject to Dismissal Pursuant to Rule 12(b)(1).**

The Court should dismiss Plaintiff's claims related to her medical care at OCCF because they are barred by the independent contractor exception. Under the FTCA, an individual may sue the Government for claims involving:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA is "a limited waiver by the United States of its sovereign immunity" that "allows for a tort suit against the United States under specified circumstances." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (internal quotation marks omitted). This limited waiver of immunity "is to be strictly construed in favor of the government." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (internal quotation marks omitted).

The FTCA permits suits against the Government for acts or omissions only by Government employees. Employees are "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity" *Kaid v. Tatum*, No. 20-cv-3643 (JLR) (SLC), 2024 WL 946949, at *14 (S.D.N.Y. Jan. 24, 2024), *report and recommendation adopted as modified*, No. 1:20-cv-03643 (JLR), 2024 WL 639331 (S.D.N.Y. Feb. 15, 2024) (quoting *Fisko v. U.S. GSA*, 395 F. Supp. 2d 57, 62 (S.D.N.Y. 2005). By its

terms, the FTCA "specifically excludes any contractor with the United States." *Roditis v. United States*, 122 F.3d 108, 111 (2d Cir. 1997) (internal quotation marks omitted). *See Leone v. United States*, 910 F.2d 46, 49 (2d Cir. 1990) ("The FTCA waiver of sovereign immunity, however, does not extend to independent contractors"). As such, "[i]f the injuries alleged in a complaint were caused by an independent contractor, the FTCA does not waive sovereign immunity for that claim, and it must be dismissed for lack of subject matter jurisdiction." *Fisko*, 395 F. Supp. 2d at 62.

In this instance, the Court lacks subject matter jurisdiction to hear Plaintiff's claims arising from the medical care she received at OCCF because it acted as an independent contractor to which the Government delegated responsibility for inmate care rather than an employee. The Government cannot be liable for any alleged deficiencies in the care OCCF provided because it was not acting as a government employee when it treated Plaintiff while she was detained there. The question of whether a person or entity is an employee or independent contractor for the purposes of the FTCA "turn[s] on the absence of authority in the principal to control the physical conduct of the contractor in performance of the contract." *Valente v. United States*, No. 17-cv-3853 (JMA) (JMW), 2023 WL 1838012, at *6 (E.D.N.Y. Feb. 8, 2023), *report and recommendation adopted*, No. 17-cv-03853 (JMA) (JMW), 2023 WL 2522815 (E.D.N.Y. Mar. 15, 2023), *appeal dismissed* (Aug. 4, 2023) (quoting *Logue v. United States*, 412 U.S. 521, 527 (1973)). The relevant inquiry assessed whether the Government "maintain[ed] control of the detailed physical performance of the contractor," or supervise[d] its day-to-day operations." *Roditis*, 122 F.3d at 111. In making this determination, courts will often consider the operative contract between the Government and the Contractor. Ultimately, "where the Government cannot "control the detailed physical performance of the contractor, it cannot be held liable for the

negligent acts of the contractor's employees." *Fraser v. United States*, 490 F. Supp. 2d 302, 310 (E.D.N.Y. 2007).

A review of the operative contract here demonstrates that the Government delegated responsibility to OCCF such that it did not maintain control over its performance of on-site medical care or supervise its day-to-day operations. ICE and OCCF entered into an Inter-Governmental Service Agreement ("IGSA") in August 2008 allowing ICE to detain persons in ICE custody at OCCF. The IGSA requires OCCF to provide detainees with safekeeping, housing, subsistence, medical services, including on-site health care services. Per the agreement, ICE reserves the right to conduct periodic inspection of OCCF, but it does not have authority to supervise OCCF employees in their day-to-day conduct. Plaintiff's allegation with respect to OCCF relate to her on-site treatment; per the terms of the IGSA, ICE specifically delegated the duty to provide on-site health services to OCCF.

Where courts have considered "contracts delegating the day-to-day operations and management of housing, safekeeping, and subsistence of federal prisoners or detainees to local service providers" as this operative contract here does, "the employees of those services were not deemed federal employees under the FTCA, notwithstanding that the federal government still had broad oversight on those facilities." *Carno v. United States*, No. 17-cv-7998 (NSR), 2019 WL 2287966, at *8 (S.D.N.Y. May 28, 2019) (internal quotation marks omitted). This is true even where, as is the case here, ICE has the ability to inspect a facility. *See Henry v. United States*, No. 10-cv-4718 (ENV), 2013 WL 5972671, at *1 (E.D.N.Y. Nov. 5, 2013) (concluding that the independent contractor exemption applied even where a contract required a facility to meet certain standards and "gave the United States the right to inspect the premises.")

In light of the foregoing, the Government respectfully requests a pre-motion conference concerning its anticipated motion to dismiss Plaintiffs' complaint.

<div style="margin-left: 40%;">

Respectfully,

JAY CLAYTON
United States Attorney

</div>

By:      __/s/ *Kamika S. Shaw*_____
            Kamika S. Shaw
            Assistant United States Attorney
            86 Chambers Street, Third Floor
            New York, New York 10007
            Tel.: (212) 637-2768
            Email: Kamika.Shaw@usdoj.gov