

September 24, 2025

Hon. Philip M. Halpern, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

<u>By Electronic Filing.</u>

  Re: <u>Ordonez Vargas v. United States of America,</u> 25-cv-03925 (PMH)

Dear Judge Halpern:

  My firm, with co-counsel, represents Plaintiff in the case above. Pursuant to the Court's Individual Practice § 4(C), I write in response to Defendant United States of America's pre-motion conference letter.  ECF No. 16.  As Defendant USA correctly notes, the parties exchanged the first round of letters required by the Court's practices. Although Plaintiff disagrees with the basis for Defendant's forthcoming motion, she does not object to the request for a pre-motion conference. As set out below, Plaintiff's position is that the issues raised are legally without merit and her pleadings as filed are supported by controlling authority, therefore she is not seeking leave to amend.

  **I.**  **Defendant USA Misunderstands the Basis for Plaintiff's Claims Against It.**

  Defendant's letter asserts "The Government cannot be liable for any alleged deficiencies in the care [Orange County Correctional Facility (OCCF)] provided because it was not acting as a government employee when it treated Plaintiff while she was detained there." Defendant USA's argument is predicated on a distinction between Government employees and independent contractors. Plaintiff's theory, however, is not predicated on that distinction and Plaintiff is not arguing that Defendant USA is liable because OCCF was acting as a Government employee. Rather, Plaintiff alleges Defendant USA is liable based on its own negligent actions. *See Logue v. United States*,



412 U.S. 521, 532-33 (1973) (vacating judgment of the Court of Appeals that dismissed FTCA claim and remanding "for consideration of the liability of the Government insofar as that liability may be based on the negligence of [the Government's employee].")); *Haskin v. United States*, 569 F. App'x 12, 16 (2d. Cir. 2014) (finding lower court's dismissal of FTCA claim improper where plaintiff alleged "direct negligence on the part of [Government] employees" because "[s]overeign immunity does not shield the Government from such claims of direct negligence."); *see also Edison v. United States*, 822 F.3d 510, 518 (9th Cir. 2016) (finding that the independent contractor exception has no bearing on the United States' liability for its own acts or omissions). Thus, because Plaintiff seeks to hold Defendant USA liable for its own negligence, and not for the actions of a third party imputed to it, Defendant USA's argument is inapt.

> **II.    Plaintiff's Claims Related to OCCF are Not Barred by the Independent Contractor Exception because the Government Owed Plaintiff an Affirmative Duty of Care.**

Here, the Government medically cleared Plaintiff for custody when no reasonable medical professional would have done so. Additionally, the Government has a duty to protect and care for an individual who it has involuntarily detained. *See United States v. Volungus*, 595 F.3d 1, 7-8 (1st Cir. 2010) ("[W]hen the government detains an individual involuntarily, it enters into a special relationship with that individual. As an integral part of that relationship, the government assumes a duty to care for and protect the individual while he remains in custody" (citations omitted)).

By failing to ensure that Ms. Ordonez Vargas received adequate medical care for her nose injury—and by sending Ms. Ordonez Vargas to a facility known for its failure to provide necessary

Page 2 of 4

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



medical care to inmates—the Government failed to meet its affirmative duty. *See, e.g., Harvey v. United States*, 14 Civ. 1787 (PAC), 2017 WL 2954399, at *6 (S.D.N.Y. July 10, 2017) ("Defendant [United States] undeniably had a duty of care towards Harvey that was separate from those duties delegated to OCCF [including…] a duty to ensure timely receipt of off-site non-emergent medical"); *Rodriguez v. United States,* No. 1:13 CV 01559, 2015 WL 3645716, at *8 (N.D. Ohio June 10, 2015) ("at all times […] the defendant USA […] had the ability and discretion to ensure that Rodriguez got proper medical care and treatment"); *Baires v. U.S.*, No. C 09–05171 CRB, 2011 WL 1743224, at *7 (N.D. Cal. May 6, 2011) ("no federal officer is alleged to have taken Baires's medication away […] but they did allegedly transfer him without his medication [...] and cause Miranda to miss medical appointments at which he hoped to receive such medication […] These allegations are adequate to state a claim against the United States under the FTCA"); *Coffey v. U.S.*, 870 F.Supp.2d 1202, 1228 (D.N.M. 2012) (crediting FTCA claim of "negligent hand off, which include[d] allegations that the [government] failed to provide MCDC officials with proper medical records and other medical items for Crutcher"); *see also* Compl. ¶¶ 15-18 ("Plaintiff told ICE employees who detained and transferred her that she was scheduled to have surgery that day […] However, rather than any treatment, Lloyd medically cleared Plaintiff for custody [which is a step] no reasonable professional would have taken."). Thus, because Defendant USA owed Plaintiff an affirmative duty to provide her with adequate medical care but failed to do so, Plaintiff's claims related to OCCF are not barred by the independent contractor exception to the FTCA.

       As always, I thank the Court for its continued time and attention.

Page 3 of 4

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Cordially,

/s/
_____

Elena Cohen
Remy Green
Regina Yu
Cohen&Green P.L.L.C.
1639 Centre St., Suite 216
Ridgewood, New York 11385

Page 4 of 4

COHEN&GREEN