UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARISOL ORDONEZ VARGAS<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 25 Civ. 03925 (PMH)<br><br>**ANSWER** |

Defendant the United States of America ("Defendant"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, answers the First Amended Complaint ("FAC") of Marisol Ordonez Vargas ("Plaintiff"), upon information and belief as follows:

## NATURE OF THE CASE[1]

1.      Paragraph 1 of the FAC contains legal conclusions, to which no response is required.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the FAC contains legal conclusions regarding jurisdiction, to which no response is required.

---

[1] For ease of reference, Defendant replicates the headings contained in the FAC. Although Defendant believes that no response is required to such headings, to the extent a response is required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3.      Paragraph 3 of the FAC contains legal conclusions regarding jurisdiction, to which no response is required.

4.      Denies except admits that Plaintiff submitted an administrative claim dated September 5, 2024 to U.S. Department of Immigration and Customs Enforcement ("ICE").

5.      Admits.

6.      Denies, except admits that Plaintiff filed her first FAC on May 13, 2025.

7.      Paragraph 7 of the FAC contains legal conclusions regarding jurisdiction, to which no response is required.


## PARTIES

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.      Denies, and avers that the United States of America is named as a party in this action.  The remainder of the allegations in Paragraph 9 constitute legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.      Denies, and avers that on or about September 2, 2023, Plaintiff received an appointment confirmation notification via an ICE appointment scheduling system for an October 5, 2023 appointment at the ICE Enforcement and Removal Operations New York Field Office located at 26 Federal Plaza.

12.      Admits.

2

13.     Admits.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Denies and avers that Plaintiff was medically cleared for transfer to the Orange County Correctional facility by a registered nursed employed by ICE Health Services Corp.

17.     Denies and avers that Plaintiff was medically cleared for transfer to the Orange County Correctional facility by a registered nursed employed by ICE Health Services Corp.

18.     Paragraph 18 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, denies.

19.     Paragraph 19 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, denies.

20.     Paragraph 20 of the FAC contains legal conclusions to which no response is required.  To the extent a response is required, denies.

21.     Admits.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

**FIRST CLAIM FOR RELIEF:**
**NEGLIGENCE BY FEDERAL LAW ENFORCEMENT**
**UNDER THE FEDERAL TORT CLAIMS ACT**

23.     Defendant realleges and incorporates by reference all of the preceding paragraphs of this Answer as if fully stated herein.

24. Paragraph 24 of the FAC contains legal conclusions to which no response is required.

25. Paragraph 25 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, denies.

26. Denies and avers that Plaintiff was medically cleared for transfer to the Orange County Correctional facility by a registered nursed employed by ICE Health Services Corp.

27. Denies and avers that Plaintiff was medically cleared for transfer to the Orange County Correctional facility by a registered nursed employed by ICE Health Services Corp.

28. Denies.

29. Paragraph 29 of the FAC contains legal conclusions to which no response is required. To the extent a response is required, denies.

The unnumbered paragraphs beginning with "WHEREFORE" including subparts (a) through (b) consist of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## JURY TRIAL DEMANDED

This unnumbered paragraph contains Plaintiff's demand for a jury, to which no response is required. To the extent a response is required, denies that Plaintiff is entitled to a jury trial pursuant to 28 U.S.C. §§ 1346 and 2402.

## AFFIRMATIVE DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendant alleges as follows:

## FIRST DEFENSE

4

The FAC fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claim is barred by sovereign immunity except to the extent permitted by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.*, and so is subject to, and limited by, the FTCA.

## THIRD DEFENSE

The United States was not negligent and did not breach any duty to Plaintiff.

## FOURTH DEFENSE

The damages alleged in the FAC were not proximately caused by a negligent act or omission of any employee or deemed employee of the United States acting within the scope and course of employment.

## FIFTH DEFENSE

There exist other parties over whom the United States did not have supervision or control whose actions or omissions proximately caused Plaintiff's injuries.

## SIXTH DEFENSE

In the event that the United States is found to have been negligent, which the United States denies, other parties for whom the United States cannot be held liable, were comparatively negligent, and their negligence was the proximate cause of, and contributed to, any alleged damages, thereby mandating that recovery be proportionately reduced, pursuant to N.Y. C.P.L.R. § 1411.

## SEVENTH DEFENSE

Plaintiff's recovery, if any, is limited by Plaintiff's failure to mitigate damages.

## EIGHTH DEFENSE

The injuries alleged in Plaintiff's FAC were caused by one or more unforeseeable, superseding acts.

### NINTH DEFENSE

Defendant has no liability pursuant to the FTCA for any injury, loss or damage sustained by Plaintiff that was caused by the acts or omissions of other parties, persons or entities; or of their servants, agents representatives or employees.

### TENTH DEFENSE

In the event that the Court enters a judgment against Defendant, that judgment must be reduced, pursuant to N.Y.C.P.L.R. § 4545 and other applicable New York State laws, by the amounts that Plaintiff has been, or will be with reasonable certainty, reimbursed or indemnified by any collateral source, including but not limited to, insurance, Social Security, Workers' Compensation, or Employee Benefit programs, for any past or future economic loss arising from the alleged injuries and damages.

### ELEVENTH DEFENSE

Defendant's liability, if any, is limited with respect to any claim by Plaintiff for non-economic loss, pursuant to N.Y.C.P.L.R. § 1601, to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability for non-economic loss, including persons or entities over whom Plaintiff could have obtained jurisdiction with due diligence.

### TWELFTH DEFENSE

Plaintiff is not entitled to a jury trial pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2402.

6

### THIRTEENTH DEFENSE

Plaintiff may not recover pre-judgment interest or punitive damages pursuant to 28 U.S.C. § 2674.

### FOURTEENTH DEFENSE

Plaintiff's recovery, if any, is limited to the amount of damages sought in the administrative claim, pursuant to 28 U.S.C. § 2675(b).

### FIFTEENTH DEFENSE

Any recovery by Plaintiff is subject to the availability of appropriated funds. 42 U.S.C. § 233(k).

### SIXTEENTH DEFENSE

Plaintiff may not recover costs or attorney's fees in excess of those permitted by 28 U.S.C. §§ 2412 and 2678.

### SEVENTEETH DEFENSE

Plaintiff's claim for damages is limited to damages recoverable under 28 U.S.C. § 2674 and under New York law.

\* \* \*

Defendant may have additional defenses that are not known at this time but may become known through discovery.  Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant respectfully requests that the Court: (1) dismiss the FAC with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated:     April 22, 2026
         New York, New York

           Respectfully submitted,

           JAY CLAYTON
           United States Attorney for the
           Southern District of New York
           *Attorney for the United States of America*

By:    */s/ Kamika S. Shaw*
           KAMIKA S. SHAW
           Assistant United States Attorney
           86 Chambers Street, 3rd Floor
           New York, New York 10007
           Tel.: (212) 637- 2768